UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

---------------------------------------------------------------X
PIERRE RILEY,

                Petitioner,

-against-

STATE OF NEW YORK,

                Respondent.
---------------------------------------------------------------X

MEMORANDUM
AND ORDER

11-CV-1070 (RJD)

DEARIE, District Judge.

At the time pro se petitioner Pierre Riley initiated this action pursuant to 28 U.S.C. § 2241, he was in federal custody at the Metropolitan Correctional Center in Manhattan, awaiting sentence on narcotics conspiracy related charges in the United States District Court for the Southern District of New York. See United States v. Mason, et al., Docket No. 06-cr-00080-NRB (S.D.N.Y.) (Plaintiff is identified as "Adrean Francis t/n/a Pierre Riley").[1] He sought to vacate a 1998 youthful offender adjudication entered in Queens County, New York, in order to prevent its use in enhancing his pending federal criminal sentence. Petitioner was sentenced to twenty-five years in prison on March 25, 2011. For the reasons set forth below, the petition is dismissed.

Discussion

In 1998, petitioner was adjudicated a youthful offender following his guilty plea to Queens County Indictment No. 11603/98, charging criminal possession of marijuana in the first degree. He was sentenced on November 5, 1998, to 5 years probation and 500 hours of

---

[1] A search for petitioner by his Bureau of Prisons Register Number, 53403-054, indicates that the federal criminal charge and his current custody are both under the name Adrean Francis.

community service. (Pet. ¶ 4.) He now challenges the 1998 state adjudication on several grounds including that his counsel was ineffective for having advised him that "he would not have a conviction on his record upon completion of the terms of the [plea] agreement" without advising him that the adjudication could be used against him. (Pet. ¶ 10(c).) He further claims that he did not understand his plea because the judge did not fully advise him of the special conditions applicable to the youthful offender adjudication and "certain circumstances in which his 'sentence' may be 'construed as a conviction.'" (Pet. ¶ 10(d).)

An individual in state custody may challenge the constitutionality of his state conviction or sentence by petitioning in federal court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id., 490 U.S. at 492. See also Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). Because petitioner is no longer in state custody, this avenue of relief is unavailable to him to challenge his youthful offender adjudication and the underlying plea agreement.

Nevertheless, petitioner's attempt to challenge his youthful offender conviction as a federal prisoner by a petition pursuant to 28 U.S.C. § 2241 fails. First, "as a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a [federal] sentence as violating the Constitution or laws of the United States." Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001) (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). A prisoner may file

a motion under § 2241 to challenge his detention only when § 2255 is inadequate or ineffective and the inability to obtain collateral review raises serious constitutional questions. See 28 U.S.C. § 2255(e); Triestman, 124 F.3d at 373, 377. Section 2241 also may be used to challenge the execution of a federal sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian, 245 F.3d at 146. Because petitioner is neither challenging the legality of his federal conviction nor the execution of his federal sentence, however, there is no basis for relief pursuant to § 2241.

Although petitioner asked this Court to vacate the 1998 state adjudication, he indicated that his underlying concern was the potential for enhanced sentencing exposure in his then-pending federal criminal proceeding. Petitioner has since been sentenced in the United States District Court for the Southern District of New York and has filed a notice of appeal. Sentencing counsel extensively argued against using the youthful offender adjudication as a basis for an enhanced sentence both on the ground that the youthful offender adjudication was part of the same conspiracy for which petitioner then stood convicted on federal charges and on the ground that the youthful offender adjudication should not be viewed as a conviction for purposes of Title 21 U.S.C. § 851. Once petitioner's federal conviction is final, at the conclusion of direct review, he may seek collateral review by filing a petition for a writ of habeas corpus pursuant to § 2255 in the Southern District, the court which entered the judgment. Petitioner is reminded that such petitions are subject to a one-year statute of limitations as well as other gatekeeping restrictions.

Conclusion

Becauase petitioner has failed to assert any basis for relief under § 2241, the petition must be dismissed. Plaintiff's request for the appointment of counsel is denied as moot. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge

Dated: July ?, 2011
Brooklyn, New York

4